# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------x
JEFFRY JESUS ROSA,

                                                **VERIFIED COMPLAINT**

                    Plaintiff,

                -against-                                       Index No.:

WILLIAM KUPIEC and J.B. HUNT TRANSPORT, INC.,

                    Defendants.
---------------------------------------------------------------x

      Plaintiff, **JEFFRY JESUS ROSA**, by his attorneys, **RAYTSIN LAW FIRM, P.C.**, complaining of the defendants herein, respectfully alleges upon information and belief as follows:

      1. At all times herein mentioned, Plaintiff, **JEFFRY JESUS ROSA**, was and still is a resident of the County of Broome, State of New York.

      2. At all times herein mentioned, Defendant, **WILLIAM KUPIEC**, was and still is a resident of the State of New Jersey.

      3. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT, INC.**, was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

      4. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT, INC.**, was and still is a domestic business corporation duly registered to transact business in the State of New York.

      5. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT, INC.**, was and still is a domestic business corporation doing business within the State of New York.

      6. At all times herein mentioned, Defendant **J.B. HUNT TRANSPORT, INC.**, was and still is a foreign business corporation doing business within the State of New York.

      7. At all times herein mentioned, the defendant, **J.B. HUNT TRANSPORT, INC.**, derives substantial revenue from goods used or consumed or services rendered in the State of New York.

8. At all times herein mentioned, the defendant, **J.B. HUNT TRANSPORT, INC.**, does and/or solicits business within the State of New York.

9. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT, INC.**, derives substantial revenue from interstate or international commerce.

10. At all times herein mentioned, Defendant, **J.B. HUNT TRANSPORT, INC.**, expected or reasonably should have expected its acts and business activities to have consequences within the State of New York.

11. At all times herein mentioned, Defendant, **WILLIAM KUPIEC**, was an agent, servant and/or employee of the defendant, **J.B. HUNT TRANSPORT, INC.**.

12. On or about August 2, 2021, Defendant, **J.B. HUNT TRANSPORT, INC.**, was the owner of a 2020 Freightliner motor vehicle bearing State of Indiana license plate number 2724074.

13. On or about August 2, 2021, Defendant, **J.B. HUNT TRANSPORT, INC.**, maintained a 2020 Freightliner motor vehicle bearing State of Indiana license plate number 2724074.

14. On or about August 2, 2021, Defendant, **WILLIAM KUPIEC**, was the operator of a 2020 Freightliner motor vehicle bearing State of Indiana license plate number 2724074.

15. On or about August 2, 2021, Defendant, **WILLIAM KUPIEC**, was controlling a 2020 Freightliner motor vehicle bearing State of Indiana license plate number 2724074.

16. On or about August 2, 2021, Defendant, **WILLIAM KUPIEC**, was operating a 2020 Freightliner motor vehicle bearing State of Indiana license plate number 2724074 with the knowledge of the defendant owner.

17. On or about August 2, 2021, Defendant, **WILLIAM KUPIEC**, was operating a 2020 Freightliner motor vehicle bearing State of Indiana license plate number 2724074 with the permission of the defendant owner.

18. On or about August 2, 2021, Defendant, **WILLIAM KUPIEC**, was operating a 2020

Freightliner motor vehicle bearing State of Indiana license plate number 2724074 with the express consent of the defendant owner.

19. On or about August 2, 2021, Defendant, **WILLIAM KUPIEC**, was operating a 2020 Freightliner motor vehicle bearing State of Indiana license plate number 2724074 with the implied consent of the defendant owner.

20. On or about August 2, 2021, Defendant, **WILLIAM KUPIEC**, was operating a 2020 Freightliner motor vehicle bearing State of Indiana license plate number 2724074 within the scope of his employment.

21. On or about August 2, 2021, Defendant, **WILLIAM KUPIEC**, was operating a 2020 Freightliner motor vehicle bearing State of Indiana license plate number 2724074 on 95I southbound Bruckner Expressway, approximately 20 feet south of the Pelham Parkway exit to City Island, County of Bronx, State of New York.

22. On or about August 2, 2021, Plaintiff, **JEFFRY JESUS ROSA**, was operating a 2012 BMW motor vehicle bearing New York State registration number KDB4661 on 95I southbound Bruckner Expressway, approximately 20 feet south of the Pelham Parkway exit to City Island, County of Bronx, State of New York.

23. At all times hereinafter mentioned, 95I southbound Bruckner Expressway, approximately 20 feet south of the Pelham Parkway exit to City Island, County of Bronx, State of New York are and were public roadways, streets, highways and/or thoroughfares used extensively by the public in general.

24. At the aforesaid time and place, the defendants' motor vehicle came into contact with the motor vehicle of the plaintiff.

25. That said contact was due solely to the negligence of the defendants, without any negligence on the part of the plaintiff contributing thereto.

26. That as a result of the aforesaid contact, Plaintiff, **JEFFRY JESUS ROSA**, was severely and permanently injured.

27. That as a result of the aforesaid contact, Plaintiff, **JEFFRY JESUS ROSA**, was seriously injured.

28. That as a result of the aforesaid contact, Plaintiff, **JEFFRY JESUS ROSA**, has sustained a serious injury as defined by Article 51 of the Insurance Law, or economic loss greater than basic economic loss as defined by Article 51 of the Insurance Law.

29. That this action falls within one or more of the exceptions set forth in CPLR §1602.

30. That the aforesaid occurrence and resulting injuries to the plaintiff were due solely to the carelessness, recklessness and negligence of the defendants in the ownership, operation, management, inspection, maintenance, supervision, repair and control of the above mentioned motor vehicle.

31. That the negligence of the defendant, **J.B. HUNT TRANSPORT, INC.**, consisted of negligent hiring, training, retention and supervision of its agents, servants and/or employees, including defendant, **WILLIAM KUPIEC**.

32. That by reason of the foregoing, Plaintiff, **JEFFRY JESUS ROSA**, has been damaged in excess of the jurisdictional limits of all lower Courts that would otherwise have jurisdiction in this state and by reason of the foregoing, the plaintiff has suffered damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against the Defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Queens Village, New York
April 18, 2022

Yours, etc.,

**RAYTSIN LAW FIRM, P.C.**

Boris Raytsin, Esq.
Attorneys for Plaintiff

221-10 Jamaica Ave., Suite 106
Queens Village, New York 11428
(718) 355-9797